UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:                              ) | |
| )                                    | Case No. 14-65054-MGD |
| STEVEN W. BERNSTEIN,    )  | Chapter 7 |
| )                                    | |
| Debtor.                      )  | |
| )                                    | |
| STEVEN W. BERNSTEIN,    )  | |
| )                                    | |
| Plaintiff.                    )  | |
| )                                    | |
| v.                                  )  | ADV. PROC. NO. 14-05306 |
| )                                    | |
| WELLS FARGO BANK, N.A., ) | |
| FEDERAL HOME LOAN       )  | |
| MORTGAGE CORPORATION, and ) | |
| DOES, 1-5,                      )  | |
| )                                    | |
| Defendants.              )  | |

**DEFENDANTS WELLS FARGO BANK, N.A. AND FEDERAL HOME
LOAN MORTGAGE CORPORATION'S BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

COME NOW Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac")(collectively "Defendants"), and show this honorable Court that Plaintiff's Complaint (the "Complaint") [Doc. No. 1] should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and (6), which is made applicable through Fed. R. Bankr. P. 7012(b), for the reasons that follow:

**INTRODUCTION**

Pre-petition, Plaintiff purchased the real property located at 1428 Valley View Road, Dunwoody, Georgia 30338 (the "Property"). Wells Fargo is the holder of a pre-petition deed to secure debt against the Property that relates to Plaintiff's refinance of his original mortgage loan for the Property.

On August 4, 2014, Plaintiff filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code. [Case No. 14-65054, Docket No. 1]. On October 17, 2014, an Order was entered granting Wells Fargo's Motion for Relief from Stay. [Case No. 14-65054, Docket No. 44]. On October 23, 2014, the Chapter 7 matter was dismissed due to Debtor failure to pay filing fee. [Case No. 14-65054, Docket No. 48]. Debtor filed a Motion to Reconsider Dismissal Order & Reinstatement of Automatic Stay on October 24, 2014. [Case No. 14-65054, Docket No. 50].

On September 26, 2014, Plaintiff filed the present adversary proceeding against Wells Fargo and Freddie Mac. However, Plaintiff's entire petition is merely an attempt to re-raise claims that have previously been adjudicated by the Superior Court of DeKalb County in Plaintiff's previously filed lawsuit. As a result, this lawsuit should be dismissed in its entirety pursuant to the doctrines of res judicata and collateral estoppel. For this reason and the reasons stated a below this matter should be dismissed at the outset.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(5) authorizes dismissal of the Complaint on motion where (as here) there is insufficient service. When adjudicating a motion to dismiss for insufficient service of process, the Court must determine if the method of serving process on the Defendants was sufficient. Carroll v. FIA Card Services (In re Carroll), 400 B.R. 497, 499 (Bankr. N.D. W. Va. 2008). In making this determination, the Court "must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." Id. (citations omitted). As of the date of this filing, Plaintiff has failed to properly serve the Defendants with copies of the Summons and Complaint and also failed to file a Certificate of Service, rendering his Complaint subject to dismissal.

2

The Defendants also seek dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to meet the minimum pleading requirements and Plaintiff lacks standing to prosecute the claim in the Complaint. Therefore, the Complaint fails to state a claim upon which relief may be granted.

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Iqbal, 129 S. Ct. at 1949.

## ARGUMENT AND CITATION OF AUTHORITY

There are at least four reasons why the Court should dismiss Plaintiff's Complaint. First, Wells Fargo or Freddie Mac has never been properly served with process. Second, the Complaint is a shotgun pleading. Third, the Complaint fails to meet the minimum pleading requirements. Fourth and finally, Plaintiff, as a Chapter 7 debtor, lacks standing to prosecute the Complaint.

### I. Plaintiff's Complaint Should be Dismissed for Insufficient Service of Process.

Plaintiff's Complaint should be dismissed because Plaintiff failed to perfect service of process upon Wells Fargo or Freddie Mac and has further failed to file a Certificate of Service identifying service on Wells Fargo and Freddie Mac. Pursuant to Fed. R. Bankr. P. 7004(h), service of process on an insured depository institution must be:

> made by certified mail addressed to an officer of the institution unless--
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

3

> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Fed. R. Bankr. P. 7004(h).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Igbinigie v. Wells Fargo Bank, N.A., 2008 WL 4862597 at *1 (M.D. Ga. 2008) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). Without personal service, this Court lacks jurisdiction over the Defendants and the Complaint must be dismissed. Additionally, Bankruptcy Local Rule 9014-1 states, "A contested matter with regard to which service on an opposing party is required shall make proof of service thereof promptly to the Bankruptcy Court in accordance with the Bankruptcy Rules. The Certificate of Service must include the name and address of all persons and parties served".

As of the date of this filing, Plaintiff has failed to satisfy the service requirements as set forth in Rule 7004(h) by serving an officer of Wells Fargo Bank, N.A. or Freddie Mac by certified mail. Accordingly, service under Rule 7004(h) is required and has not been satisfied. See Fed. R. Bankr. P. 7004(f); see also Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (holding that a federal court lacks jurisdiction over defendant who was improperly served). Therefore, the Court should dismiss the Complaint. See Fed. R. Civ. P.

12(b)(2) and (5); Snow v. DirecTV, Inc., 450 F.3d 1314, 1319 (11th Cir. 2006) (affirming dismissal of lawsuit where court lacked personal jurisdiction over defendant).[1]

## II. Plaintiff's Complaint Should be Dismissed for Failure to Meet the Minimum Federal Pleading Standard.

Plaintiff's Complaint should also be dismissed because the assertions made by Plaintiff, if deemed to constitute a "claim", still fail to meet the minimum pleading standard in federal courts. Federal Rule of Civil Procedure 8(a)(2), which is incorporated through Rule 7008 of the Federal Rules of Bankruptcy Procedure, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss, a complaint need not contain detailed factual allegations, but must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." See Iqbal, 56 U.S. at 698 (quoting Twombly, 550 U.S. at 555).

> In Iqbal, the Supreme Court clarified the pleading standard for civil actions:
>
> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

556 U.S. at 678 (internal quotes and citations omitted).

---

[1] Plaintiff's *pro se* status cannot rescue him from the consequences of his failure to serve the Defendants, or to state a valid claim. See, e.g. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that a *pro se* party is not excused from complying with the procedural rules).

The Iqbal Court went on to instruct that while a court must accept all factual allegations in a complaint as true, it need not accept as true the legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Plaintiff's Complaint does not meet the pleading requirements as required by Iqbal and Twombly. Plaintiff offers only threadbare "naked assertions devoid of further factual enhancement," which the Supreme Court determined is insufficient to state a claim. Iqbal, 556 U.S. 678. As outlined above, Plaintiff's Complaint uses the term "Defendant" or "Defendants" without further clarification. Plaintiff fails to provide copies of the alleged "collection letters" and Plaintiff fails to set forth, with any level of specificity, the dates on which the alleged telephone calls were to have been received by Plaintiff in violation of the Federal Telephone Consumer Protection Act. Plaintiff also only offers "naked assertions devoid of further factual enhancement" related to his Fair Debt Collection Practices Act claim. In fact, the claim related to the Fair Debt Collection Practices Act fails to even specify which subsection of 15 U.S.C. § 1692(d) that Plaintiff believes was violated.

In sum, Plaintiff makes sweeping conclusory allegations without the necessary, basic background into the allegations. Plaintiff has not met the factual content requirement established

6

by Iqbal and Twombly, and, consequently, he has failed to state a claim on which relief may be granted.

**III.    Plaintiff's Complaint Against The Defendants Are Barred By The Doctrine Of *Res Judicata*.**

"The doctrine of *res judicata* prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Body of Christ Overcoming Church of God, Inc. v. Brinson, 287 Ga. 485, 486, 696 S.E.2d 667 (2010). "Dismissal with prejudice is *res judicata* of **all questions which might have been litigated** in the action and is a final disposition, barring the right to bring another action on the same claim." Hutcheson v. Medical Ctr. v. Scealf, 205 Ga. App. 204, 206, cert. denied, 205 Ga. App. 900 (1992) (emphasis added).  "Three prerequisites must be met before res judicata will apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction." Waldroup v. Greene County Hosp. Authority, 265 Ga. 864, 866, 463 S.E.2d 5, (1995).  Here, all the prerequisites are satisfied.

On January 18, 2013, Plaintiff filed a lawsuit in the Superior Court of DeKalb County, Georgia, naming Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, MERSCORP Holdings, MERS, foreclosure counsel and unidentified individuals as party-defendants.  A copy of the 2013 Complaint is attached hereto as **Exhibit "A."**  Plaintiff asserted an additional eleven causes of action including claims of fraud, to quiet title, and for other equitable relief.  On May 9, 2013, Judge Courtney L Johnson entered an order granting the Motion to Dismiss filed by the inter alia, Wells Fargo Bank, N.A., MERSCORP, and MERS.  A copy of the Order is attached hereto as **Exhibit "B."**

7

The 2013 Lawsuit and the present Complaint are based largely on allegations regarding Wells Fargo's authority to foreclose under the Security Deed. Additionally, even if the present Complaint is construed to assert new claims, including the claims regarding Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") not asserted in the previous action, *res judicata* bars those claims because they could have been brought in first action. "*[R]es judicata* bars subsequent actions as to all matters put in issue or which could have been put in issue. In other words, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be *res judicata*." QOS Networks Ltd. v. Warburg, Pincus & Co., 294 Ga.App. 528, 541 (2008) (internal citations and quotations omitted). Therefore, as Plaintiff has already brought suit challenging the foreclosure, all claims in the current suit could have been brought in the previous action, and he is barred from raising them now.

Next, Plaintiff and Wells Fargo are identical parties in both the 2013 Lawsuit and the present suit. With regards to Freddie Mac, because Plaintiff has alleged that Freddie Mac was the investor in the loan, Freddie Mac is undoubtedly in privy with the other parties and thus similarly protected by res judicata. "A privy is generally defined as one who is […] in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Brown & Williamson Tobacco Corp. v. Gault, 280 Ga. 420, 421, 627 S.E.2d 549 (2006) (citing Butler v. Turner, 274 Ga. 566, 568, 555 S.E.2d 427 (2001)). Accordingly, the second element is established.

Finally, the Court in the 2013 Lawsuit granted Wells Fargo's Motion to Dismiss. See Exhibit "B." In Dillingham v. Doctors Clinic, P.A., the Supreme Court of Georgia held that "the sustaining of a motion to dismiss for failure to state a claim is res judicata on the merits of the

claim." Id. 236 Ga. 302, 302, 223 S.E.2d 625, 626, (1976).  Accordingly, the dismissal of the 2010 Lawsuit was on the merits and the third prerequisite is clearly satisfied.  Thus, Plaintiff's entire suit and all claims alleged herein are barred by *res judicata* and must be dismissed with prejudice, again. See Hutcheson, 205 Ga. App. at 206.

**IV.    Plaintiff's Complaint Is Barred By The Doctrine Of Collateral Estoppel.**

Plaintiff's present lawsuit is similarly barred by the doctrine of Collateral Estoppel. "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." In re T.M.G., 275 Ga. 543, 544, 570 S.E.2d 327 (2002).  "Like *res judicata*, collateral estoppel requires the identity of the parties or their privies in both actions.  However, unlike *res judicata*, collateral estoppel does not require identity of the claim--so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." Waldroup v. Greene County Hosp. Authority, 265 Ga. 864, 867, 463 S.E.2d 5 (1995).  Here, as discussed above, the issues in the present suit are either identical to issues in the prior actions, or they could and should have been raised in the prior actions.  This Court has already found that Plaintiff lacks standing to challenge the Assignment of the Security Deed and that Wells Fargo is entitled to foreclose on the Property.  Exhibit "E."  Therefore, these issues are settled and barred by the doctrine of collateral estoppel.  Plaintiff's lawsuit should therefore be dismissed.

**V.    Plaintiff's Complaint Should be Dismissed for Lack of Standing.**

Plaintiff's Complaint is further subject to dismissal because he does not have standing to initiate or pursue a cause of action based on a pre-petition claim.  Section 541(a)(1) identifies that property of the estate includes "all legal or equitable interests of the debtor in property as of

9

the commencement of the case". See 11 U.S.C. § 541(a)(1); see also McLaughlin v. Ascella Mortgage, LLC (In re McLaughlin), 2011 WL 5025335, at *5 (Bankr. D. Mass. 2011).

When: (i) a debtor does not disclose a cause of action; (ii) a pre-petition cause of action is not claimed as exempt; (iii) a Chapter 7 trustee has not filed a Trustee's Report of No Distribution; and (iv) a debtor's bankruptcy case remains open, a pre-petition cause of action is not deemed abandoned by a Chapter 7 trustee. See McLaughlin, WL 5025335, at *6. Accordingly, a pre-petition cause of action remains property of a debtor's estate and the debtor lacks standing to prosecute such a claim. See id. Said differently, "during the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor". In re Arana, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011).

Moreover, while disclosed assets are deemed abandoned upon the closing a Chapter 7 bankruptcy estate by virtue of 11 U.S.C. § 544(c), property that is not formally scheduled is not abandoned and, therefore, remains part of a bankruptcy estate. Id. Undisclosed assets are never abandoned by operation of 11 U.S.C. § 544. See McLaughlin, WL 5025335, at *6. Undisclosed assets remain property of the Chapter 7 bankruptcy estate and the Chapter 7 trustee is the only party with standing to prosecute those claims. See id.

### A.      Plaintiff never rescinded the loan under TILA.

Plaintiff's claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") fails at the outset because TILA does not provide a "free ride" for borrowers. TILA requires the obligor to tender the sums lent by the creditor. 15 U.S.C. § 1635(b); see also 12 C.F.R. § 226.23(d)(3); Mitchell v. Sec. Inv. Corp. of Palm Beaches, 464 F. Supp. 650 (S.D.Fla.1979)(stating that repayment of loan proceeds is a condition of rescission); Garza v.

10

American Home Mortg., No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D.Cal. Jan. 27, 2009) ("[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received".)  Here, Plaintiff alleges that he proffered tender because "Plaintiff has been approved for a reverse mortgage of 360,00.00." [Doc. 1 ¶51]  This allegation however is insufficient.

Put simply, Plaintiff has not pled that he had an executed agreement for a reverse mortgage, that he had obtained funds, or that he had actually tendered the funds to Wells Fargo. Rather, he alleges only that he was "pre-approved" for a reverse mortgage. [Doc. 1 ¶5]  In fact, the documents attached by Plaintiff clearly demonstrate that Plaintiff had failed to provide all of the necessary documents to finalize the reverse mortgage.  Therefore, even if Plaintiff complied with TILA in terms of sending proper notice of rescission, which the Defendants dispute, Plaintiff would not have been able to repay the funds because there were no funds.  All Plaintiff had was a hypothetical agreement to obtain the funds.  Furthermore, despite Plaintiff's contention, the reverse mortgage would not be enough to make Wells Fargo whole under the terms of the Promissory Note and Security Deed.  Put simply, a reverse mortgage in amount of $360,000.00 would not be enough to repay the original principal amount of $400,000.00. Therefore, Plaintiff's failure to demonstrate his willingness or ability to repay the funds loaned, a prerequisite for rescission, demonstrates that he is not entitled to rescind the mortgage loans and that his rescission demand should be dismissed with prejudice.

**B.     Plaintiff has not stated a claim for wrongful foreclosure.**

Plaintiff's claim for wrongful foreclosure fails at the outset because Plaintiff has not alleged that Wells Fargo foreclosed on the Subject Property.  Nevertheless, Plaintiff's allegations regarding Wells Fargo's interest in the Subject Property are meritless under Georgia law and cannot be the basis of a valid claim.  The Georgia Supreme Court in You v. J.P. Morgan Chase

11

Bank, N.A., recently held that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  293 Ga. 67, 74 (2013).  Moreover, Plaintiff lacked standing to challenge the Assignment of Security Deed.  See Montgomery v. Bank of America, 321 Ga. App. 343, 345 (2013) ("Montgomery lacked standing to contest the validity of the assignment."); see also Larose v. Bank of America, 321 Ga. App. 465 468 (2013) ("Larose granted MERS the full power to assign the property to a third party such as the Bank of New York Mellon, and his argument that the assignment was invalid is without merit").  Accordingly, Wells Fargo holds title to the Subject Property and any claim alleging that Wells Fargo does not have authority to foreclose is completely unfounded.  For these reasons, Plaintiff's claim should be dismissed at the outset.

      **C.**      **Plaintiff's claim for negligence fails on its face.**

The essential elements of a negligence claim are the existence of a legal duty, breach of that duty, a causal connection between the defendant's conduct and the plaintiff's injury, and damages.  Boller v. Robert W. Woodruff Arts Ctr., Inc., 311 Ga.App. 693, 695 (2011). Therefore, "[t]he threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff." Id.  It is an issue of law. Id.  A legal duty sufficient to support liability in negligence is "either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle." Id.; see also Rasnick v. Krishna Hospitality, Inc., 289 Ga. 565, 566 (2011).  Simply put, before negligence can be predicated upon a given act, a duty must exist.  See City of Douglasville v. Queen, 270 Ga. 770, 771 (1999).  Plaintiff's claim in this regard fails because Plaintiff has not identified a specific duty owed by the Defendants that was violated, has failed to allege any specific breach, and has

12

certainly failed to identify any causal connection between any such breach and Plaintiff's damages. On the contrary, any injury suffered by Plaintiff arose from the acceleration of his mortgage loan, which was caused by his own default, not by any conduct of the Defendants. For these reasons, Plaintiff's negligence claim fails from the start and is subject to dismissal.

> **D.  Plaintiff's Specific Performance Claim Fails As A Matter Of Law And Should Be Dismissed.**

Specific performance is an equitable remedy arising out a breach of contract. See O.C.G.A. § 23-2-130; see also PMS Constr. Co. v. DeKalb Cnty., 257 S.E.2d 285, 287 (Ga. 1979). Here, there is simply no allegation that Wells Fargo breaches any provision of a valid contract with Plaintiff. Thus, there are no grounds for specific performance and Plaintiffs' Complaint must be dismissed.

> **E.  Plaintiff has not alleged a claim under O.C.G.A. § 10-5B-6.**

Plaintiff asserts that the Defendants violated O.C.G.A. § 10-5B-6. Plaintiff's claim fails because he has failed to demonstrate any wrongdoing on behalf of Wells Fargo, or any other party. Wells Fargo is not under any duty to modify a mortgage loan. See Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App 529, 533 (2013) (holding plaintiffs failed to allege a cognizable statutory or common law legal duty because "[lender] had no duty to modify [the plaintiff's] loan or [s]ecurity [d]eed"). Accordingly, there is no cause of action based on the alleged violations of this statute and any such claim should be dismissed.

## CONCLUSION

As demonstrated above, Plaintiff failed to properly serve the Defendants, the Complaint fails to meet the minimum pleading requirements, and Plaintiff does not have standing to pursue a pre-petition cause of action against the Defendants. The Defendants request that the Court

dismiss the Complaint and tax Plaintiff with all costs, including the reasonable attorney's fees and expenses that the Defendants have incurred to defend this adversary proceeding.

Respectfully submitted, this 27th day of October, 2014.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>Monarch Plaza, Suite 1600<br>3414 Peachtree Road, N.E.<br>Atlanta, Georgia 30326<br>Phone: (404) 577-6000<br>Facsimile: (404) 221-6501<br>smichalove@bakerdonelson.com<br>dhoward@bakerdonelson.com<br>dmoore@bakerdonelson.com | /s/ Scott H. Michalove<br>Scott H. Michalove<br>Georgia Bar No. 504016<br>Dylan W. Howard<br>Georgia Bar No. 370267<br>Daniel P. Moore<br>Georgia Bar No. 940480<br>*Attorneys for Wells Fargo Bank, N.A., and Federal Home Loan Mortgage Corporation* |

# CERTIFICATE OF SERVICE

This is to certify that I have this day served Plaintiff in the foregoing matter with a copy of the foregoing **DEFENDANTS WELLS FARGO BANK, N.A. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via U.S. mail, postage prepaid, to:

Steven W. Bernstein, *pro se*
1428 Valley View Road
Dunwoody, Georgia 30338

This 27th day of October, 2014.

/s/ Scott H. Michalove
Scott H. Michalove
Georgia Bar No. 504016
Dylan W. Howard
Georgia Bar No. 370267
Daniel P. Moore
Georgia Bar No. 940480
*Attorneys for Wells Fargo Bank, N.A., and Federal Home Loan Mortgage Corporation*

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501
smichalove@bakerdonelson.com
dhoward@bakerdonelson.com
dmoore@bakerdonelson.com